1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |    Including Professional Corporations
BROOKE PURCELL, Cal. Bar No. 260058
3 | KEAHN N. MORRIS, Cal. Bar No. 273013
AMANDA E. BECKWITH, Cal Bar No. 312967
4 | Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
5 | Telephone:   415.434.9100
Facsimile:   415.434.3947
6 |
7 | Attorneys for Defendants
SAVE MART SUPERMARKETS and
8 | THE SAVE MART COMPANIES, INC.

9 |        UNITED STATES DISTRICT COURT

10 |        CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVISION OF LABOR STANDARDS ENFORCEMENT | Case No. |
| Plaintiff, | *[Removed from Santa Barbara Superior Court Case No.: 21CV03151]* |
| v. | **DEFENDANTS SAVE MART SUPERMARKETS AND THE SAVE MART COMPANIES, INC. NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441** |
| SAVE MART SUPERMARKETS, THE SAVE MART COMPANIES, INC., and DOES 1-50, | |
| Defendant. | *[Filed concurrently with Corporate Disclosure Statement; and Civil Case Cover Sheet]* |
| | Complaint Filed:   July 30, 2021
Trial Date:          None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendants Save Mart Supermarkets and The Save Mart Companies, Inc.[1] (collectively, "Defendants" or "Save Mart") hereby remove the action *Division of Labor Standards Enforcement v. Save Mart Supermarkets and The Save Mart Companies, Inc.; and Does 1 through 50,* pending in the Superior Court of California, County of Santa Barbara, Case No. 21CV03151, to the United States District Court for the Central District of California.  The removal is based on the existence of a federal question, as the Division of Labor Standards Enforcement's ("Plaintiff" or "DLSE") sick leave claims involve a "right [that] exists solely as a result of the CBA."  *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), citing *Burnside v. Kiewit Pac. Corp.* 491 F.3d 1053, 1059 (9th Cir. 2007).  Thus, its claims are preempted under Section 301 of the Labor Management Relations Act ("Section 301").  29 U.S.C. § 185.  Alternatively, the DLSE's claims substantially depend on the interpretation of the applicable collective bargaining agreements.  This Court has original jurisdiction over the action pursuant to its federal question jurisdiction for the following reasons:

## I.  CLAIMS AND PROCEDURAL HISTORY

1.      The Complaint was filed in Santa Barbara County on July 30, 2021, and assigned Case No. 21CV03151.  In the Complaint, Plaintiff alleges claims for: (1) sick-day rights under Labor Code section 246.5 pursuant to Labor Code section 248.5(e); (2) civil penalties for violation of Labor Code section 246.5 under Labor Code section 2699(f)(2); and (3) waiting time penalties under Labor Code sections 201-203.

---

[1] Defendant The Save Mart Companies, Inc. is an improperly named defendant and will seek dismissal from this action.

2.       Plaintiff served the Complaint on Defendants on or about August 16, 2021.  Plaintiff also served Defendants with a Summons and a Civil Case Cover Sheet, and a Civil Case Cover Sheet Addendum.   Plaintiff also served both of the filed Proofs of Service of Summons on Defendants.  True and correct copies of these documents are attached as **Exhibits A-E**.

3.       Exhibits **A to E** contain all process, pleadings, and orders served on Save Mart in accordance with 28 U.S.C. 1446(a).  No other proceedings have been held in this action.

4.       Plaintiff did not expressly enumerate any claim under federal law. However, Save Mart's employees worked for Save Mart under two valid collective bargaining agreements, the Local 8 Save Mart CBA ("Save Mart CBA")  Local 8/Local 770 Foodmaxx CBA ("Foodmaxx CBA") and the Local 8 Save Mart CBA ("Save Mart CBA") (collectively, the "CBAs") between Save Mart and the UFCW Local 770 and UFCW Local 8 (collectively, the "Unions"), respectively.  Plaintiff cannot avoid preemption by omitting an allegation that the terms and conditions of employment—specifically those alleged here—are subject to the Foodmax CBA and the Save Mart CBA, true and correct copies are attached hereto as **Exhibits F and G**, respectively.

5.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.  This district and division embraces the County of Santa Barbara where the action is pending in the Superior Court of California, County of Santa Barbara. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II.  ALL NECESSARY PARTIES HAVE JOINED THIS REMOVAL

6.       The Save Mart Companies and Save Mart Supermarkets are the only named defendants in this action.  Although the Complaint names Doe defendants, Doe defendants need not join in a Notice of Removal.  *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("[o]ur circuit rule is

-2-

that a party not served need not be joined; the defendants summoned can remove by themselves").

### III.  TIMELINESS OF REMOVAL

7.      Defendants were served on August 16, 2021, by personal service. Defendants have removed this case within 30 days of first receiving a paper from which Defendants could discern that the matter is removable under federal question grounds as a result of Section 301 preemption, which occurred when service was completed on August 16, 2021.  *See* 28 U.S.C. § 1446(b)(1) ("the notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief"). Accordingly, this notice of removal is timely.

### IV.      FEDERAL QUESTION JURISDICTION BASED ON SECTION 301 PREEMPTION

8.      This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a) and (c) because it is a civil action that presents a federal question.

9.      Federal question jurisdiction arises out of the fact that Plaintiff's claims arise from a right that exists solely from the CBAs, and because adjudication of Plaintiff's claims require interpretation of the terms of a CBA.  Thus, Plaintiff's claims are completely preempted by federal law under the LMRA.  *See* 29 U.S.C. § 185.  Section 301 of the LMRA provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizenship of the parties."  *Id.*  To ensure uniform interpretations of CBAs, federal common law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement.  *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

-3-

10.     Further, all state law claims raised by an employee regarding a right that exists solely from the CBA or that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301.  *Curtis*, 913 F.3d 1146;  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).  "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . any state claim whose outcome depends on analysis of the terms of the agreement."  *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

11.     Section 301 specifically has also been held to preempt California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement.  *Firestone*, 219 F.3d at 1066–67; *Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, *1, 17 (E.D. Cal. Aug. 29, 2013) (Labor Code claims preempted by the LMRA because their "resolution … is 'substantially dependent upon' the terms of the CBA").  This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of action.  *See Levy v. Skywalker Sound*, 108 Cal.App.4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA").  Where a claim is "inextricably intertwined with consideration of the terms of the labor contract," it will be preempted.  *Allis-Chalmers*, 471 U.S. at 213.

**A.     Save Mart's Sick Leave Is Covered By the CBA**

12.     Save Mart is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

13.     The Unions are labor organizations within the meaning of Section 2(5) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

14.     At all times relevant to Plaintiff's claims, Save Mart's employees have been represented by the Unions in connection with their employment with Save Mart.

15.     The CBAs state that Save Mart "recognize[es] Union as the exclusive representative of all regular employees" working in Save Mart's stores within Union's geographical jurisdiction.  *See* **Ex. F**, Section 1A and **Ex. G**, Section 1.1.

16.     Pursuant to Section 9C of the Foodmaxx CBA, employees "shall be entitled to sick leave after completion of the probationary period."  **Ex. F**, at p. 15. Section 9C also sets forth the accrual rates, eligibility requirements, and when Save Mart's employees are paid for sick days taken.  Likewise, Section 14.5 of the Save Mart CBA provides for sick leave benefits, accrual, eligibility, and sick leave pay.

17.     Additionally, the Addendum to the Foodmaxx CBA sets forth additional paid sick leave benefits, eligibility requirements, and coverage.  *See* **F**, at p. 39, Section 10.

18.     Plaintiff alleges Save Mart "failed to provide paid sick-days for the first day of a covered absence for employees in Kern County and Santa Barbara County." Complaint, ¶ 9.

**B.     Plaintiff's Claims Are Preempted by the LMRA Because They Require Substantial Interpretation of the CBA**

**i.     Plaintiff's Failure to Reference Section 301 of the LMRA in The   Complaint Does Not Preclude Removal**

19.     The Complaint omits the fact that the sick leave policies at issue were covered by the CBA.  However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint.  *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d

-5-

1   189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v.*

2   *Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).  Thus, the fact that Plaintiff has

3   not made specific reference to the CBA or to Section 301 in the Complaint will not

4   preclude removal.  *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401,

5   1406 (9th Cir. 1991).  The Court may properly look beyond the face of the

6   Complaint to determine whether the claims asserted are in fact preempted by

7   Section 301.  *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033,

8   1041 (9th Cir. 2003).  Additionally, the Court may properly look to the facts stated

9   in the Notice of Removal "to clarify the action a plaintiff presents and to determine

10  if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

11      20.     An artfully pled state law claim is properly "recharacterized" as a

12  federal claim under the "complete preemption" doctrine, which provides that the

13  preemptive force of Section 301 "converts an ordinary state law complaint into one

14  stating a federal claim for purposes of the well-pleaded complaint rule" and is

15  removable to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

16      21.     Plaintiff's Complaint, while not specifically identifying the CBA,

17  plainly encompasses claims covered by the CBAs.  Indeed, UFCW, Local 8 filed

18  grievances based on the exact same claims alleged in Plaintiff's Complaint.

19              **ii.      Plaintiff's Claims Involve a Right that Exists Solely Due to**
                **the CBAs**
20

21      22.     Section 245.5(a)(1) of the Healthy Workplace Healthy Families Act

22  expressly excludes from the definition of "Employees" those employees covered by

23  a valid collective bargaining agreement.  Labor Code section 245.5(a)(1) (excluding

24  "[a]n employee covered by a valid collective bargaining agreement if the agreement

25  expressly provides for the wages, hours of work, and working conditions of

26  employees, and expressly provides for paid sick days or a paid leave or paid time off

27  policy that permits the use of sick days for those employees, final and binding

28  arbitration of disputes concerning the application of its paid sick days provisions,

-6-

premium wage rates for all overtime hours worked, and regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate").

23.    As set forth above, the CBAs govern the terms and conditions of employment, including paid sick leave eligibility, pay rates, and other procedures for providing paid sick leave to the covered employees.

24.    Accordingly, the employees on behalf of whom the DLSE seeks relief are not covered by the California Healthy Workplace Healthy Families Act.  Thus, the claims seek to "purely to vindicate a right or duty created by the CBA itself"— i.e., sick leave—and are therefore preempted by Section 301 and the inquiry ends there.  *Curtis*, 913 F.3d at 1152, citing *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 917-18 (9th Cir. 2018).

### iii.    Plaintiff's Claims Are "Inextricably Intertwined" with Consideration of the Terms of the CBA

25.    The Court cannot simply look to state law to resolve Plaintiff's artfully pled claims for breach of a CBA.  Plaintiff asserts Save Mart failed to provide sick-day rights under Labor Code section 246.5, and also seeks civil penalties and waiting time penalties.  The CBA sets forth the parties' mutual agreement regarding issues pertaining to paid sick leave.  There are a number of provisions in the CBA that must be interpreted, including but not limited to the language concerning sick leave accrual, paid sick days, eligibility, and other sick pay rights.  By way of example, Plaintiff alleges that Save Mart "failed to provide sick-days for the first day of a covered absence."  Complaint, ¶ 9.  These claims cannot be adjudicated without interpretation of the CBA provisions that govern sick leave pay, eligibility, and other rights to sick leave.

26.    Furthermore, the CBA specifically sets forth grievance and arbitration procedures and requires that employees or the Union submit all disputes regarding the terms and conditions of employment pursuant to the grievance procedure.  **Ex. F**, Section 7, Grievance Procedure; *see also* Section 6.  Indeed, UFCW Local 8 has

filed two grievances over this exact issue here and those grievances are being prosecuted by the Union on behalf of employees under the two CBAs. The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption. State court lawsuits properly removed on preemption grounds may then be deferred to arbitration, if the parties to the CBA have so agreed. *See Livadas v. Bradshaw*, 512 U.S. 107, 142, n.18 (1994). Here, the parties have so agreed, and Plaintiff's claims are therefore subject to arbitration. Accordingly, an alleged violation of the CBA is subject to the grievance and arbitration procedures set forth in the CBA. Because all of Plaintiff's claims are in essence alleged violations of the CBA relating to paid sick leave procedures and practices, the Court will necessarily have to interpret the grievance and arbitration provisions to analyze Plaintiff's claims in this case.

27.    Therefore, Plaintiff's claims arise under Section 301 of the LMRA, and are therefore preempted by federal law. Removal to federal court is thus warranted.

## V.  SUPPLEMENTAL JURISDICTION

28.    The Court has supplemental jurisdiction over any of Plaintiff's remaining state law claims to the extent they are not completely preempted by Section 301 or are not so inextricably intertwined with or dependent on an interpretation of the CBA, because they relate to and emanate from the same CBAs that are the subject of the federal question claims. All the pleaded claims thus emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994). Accordingly, by virtue of 28 U.S.C. § 1441, Defendants are entitled to remove all of Plaintiff's claims to this Court.

## VI.  NOTICE TO PLAINTIFF AND STATE COURT

29.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Santa Barbara, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of California, County of Santa Barbara, to this Court and Save Mart prays that it be so removed.

Dated:  September 15, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By         */s/ Amanda E. Beckwith*
BROOKE PURCELL
KEAHN N. MORRIS
AMANDA E. BECKWITH

Attorneys for Defendants
Save Mart Supermarkets and The Save Mart Companies, Inc.

-9-