# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAVE MART SUPERMARKETS, THE SAVE MART COMPANIES, INC., and DOES 1–50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DIVISION OF LABOR STANDARDS ENFORCEMENT

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/30/2021 3:39 PM
By: Miroslava Pena-Bautista, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* North County of Santa Barbara Superior Court
Santa Maria-Cook, 312-C East Cook Street, Santa Maria, CA 93454.

CASE NUMBER: *(Número del Caso):*
21CV03151

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kay Otani, 3737 Main Street, Suite 850, Riverside, CA 92501, email KOtani@dir.ca.gov, Tel. 951.966.2697, Fax 951.848.9511.

DATE: 7/30/2021                                                  Clerk, by /s/ Miroslava Pena-Bautista, Deputy
*(Fecha)*                                                        *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Save Mart Supermarkets
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

STATE OF CALIFORNIA
Division of Labor Standards Enforcement
Department of Industrial Relations
By   DAVID M. BALTER (No. 136273)
     Division of Labor Standards Enforcement
     455 Golden Gate Ave., 9th Floor
     San Francisco, CA 94102
     Tel:   415.703.4863
     E-mail: dbalter@dir.ca.gov

KAY OTANI (No. 184607)
Division of Labor Standards Enforcement
3737 Main Street, Suite 850
Riverside, CA 92501
Tel:   951.966.2697
Fax:   951.848.9511
E-mail: kotani@dir.ca.gov

Attorneys for:
DIVISION OF LABOR STANDARDS ENFORCEMENT

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
7/30/2021 3:39 PM
By: Miroslava Pena-Bautista, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTH COUNTY OF SANTA BARBARA

| | |
|---|---|
| DIVISION OF LABOR STANDARDS ENFORCEMENT,<br><br>Plaintiff,<br><br>v.<br><br>SAVE MART SUPERMARKETS, THE SAVE MART COMPANIES, INC., and DOES 1–50,<br><br>Defendant. | Case No. 21CV03151<br><br>COMPLAINT FOR VIOLATIONS OF HEALTHY WORKPLACE, HEALTHY FAMILIES ACT OF 2014<br><br>(No fees per Lab. Code §§ 101, 101.5, 211; Gov. Code § 6103)<br><br>Unlimited Jurisdiction—amount in controversy exceeds $25,000 |

Plaintiff Division of Labor Standards Enforcement ("DLSE") alleges:

**General Allegations**

1. Plaintiff DLSE is the state agency authorized to enforce the Labor Code and all other labor laws not specifically vested in any other officer, board or commission. The DLSE's authority to bring this action includes, but is not limited to, Labor Code sections 95, subdivision (a), 96.7, 98.3, and 248.5, subdivisions (a) and (e).

2. Defendant Save Mart Supermarkets is, and at all relevant times was, a California corporation doing business in California. It does business under fictitious names, including Save Mart Supermarkets and FoodMaxx in California.

3. Defendant The Save Mart Companies, Inc., is, and at all relevant times was, a California corporation doing business in California. It listed Save Mart stores on its website and was active as of November 19, 2020. It is now listed by the Secretary of State as "FTB SUSPENDED."

4. At all relevant times defendants Save Mart Supermarkets and The Save Mart Companies, Inc., were subject to the Labor Code and Industrial Welfare Commission Order ("Wage Order") 7-200l, regulating wages, hours and working conditions in the mercantile industry, California Code of Regulations, title 8, section 11070.

5. Plaintiff is ignorant of the true names and capacities of Does 1–50, and sues them by fictitious names. Plaintiff will request leave of court to amend to show their true names and capacities when ascertained.

6. Plaintiff alleges on information and belief that defendants Does 1–50 were in some manner responsible for the acts and injuries alleged. They were at all relevant times independent employers, joint employers, client employers, employees, agents, partners, joint venturers, or representatives of defendants Save Mart Supermarkets and The Save Mart Companies, Inc., and were at all relevant times acting within the course and scope of such agency, service, employment, partnership, joint venture, or relationship.

7. At all relevant times defendants have operated food stores employing 500 or more employees in multiple locations in California, including multiple locations in Santa Barbara County, California.

8. At all times relevant herein defendants were subject to the Healthy Workplaces, Healthy Families Act of 2014, Labor Code sections 245 et seq. The Act requires that an employer provide paid sick-days upon request for any specified

purpose, including diagnosis, care or treatment of an existing health condition, or preventive care for the employee or an employee's family member. (Lab. Code § 246.5, subd. (a).) An employer shall not deny an employee the right to use accrued sick days for these purposes. (Lab. Code § 246.5, subd. (c)(1).)

9. At all times from July 1, 2015, to the February 26, 2021, defendants routinely and systematically failed to provide paid sick-days for the first day of a covered absence for employees in Kern County and Santa Barbara County.

## First Cause of Action

(Violation of paid sick-day rights under Labor Code section 246.5 pursuant to Labor Code section 248.5, subdivision (e).)

(As to all defendants.)

10. The allegations of paragraphs 1–9 are incorporated.

11. Until February 26, 2021, instead of providing accrued paid sick-days for the first day of a covered absence, defendants imposed a one-day waiting-period before providing the first paid-sick-day. This violated Labor Code section 246.5, subdivision (a). Defendants' one day waiting period discouraged use of paid sick days and violated employees' statutory rights to such leave.

12. Labor Code section 248.5, subdivision (e), provides a remedy of payment for paid sick-leave wages withheld. It provides liquidated damages to every employee whose rights to paid sick-days have been violated at the rate of $50 per day up to a maximum of $4,000. Additionally, employees whose paid sick-day pay was unlawfully withheld are due treble the amount of paid sick-leave wages withheld or $250, whichever is higher. Defendants are liable for paid sick-leave wages withheld in an amount in excess of $890,000, subject to proof; liquidated damages in an amount in excess of $3,120,000, subject to proof; treble damages in excess of $740,000, subject to proof; and interest at 10 percent per year under Labor Code section 248.5, subdivision (f), on paid sick-leave wages withheld.

/////

## Second Cause of Action

(Civil penalties for violation of Labor Code section 246.5 pursuant to Labor Code section 2699, subdivision (f)(2).)

(As to all defendants.)

13. The allegations of paragraphs 1–9 are incorporated.

14. Labor Code section 2699, subdivision (f), establishes a civil penalty for violation of any provision of the Labor Code that does not have a specified civil penalty. Subdivision (f)(2) provides that for an employer employing one or more employees, the civil penalty is $100 per pay period per employee for a first violation, and $200 per pay period for each subsequent violation. Defendants are liable for payment of civil penalties for violating Labor Code section 246.5 in an amount in excess of $2,210,000, subject to proof.

15. Before filing this lawsuit plaintiff made a demand for payment of civil penalties on defendants Save Mart Supermarkets and The Save Mart Companies, Inc.

## Third Cause of Action

(Waiting-time penalties under Labor Code sections 201, 202 and 203.)

(As to all defendants.)

16. The allegations of paragraphs 1–9 are incorporated.

17. Plaintiff alleges on information and belief that employees have been discharged and employees have quit with wages for covered sick days and leave absences unpaid by defendants.

18. Under Labor Code section 203 the wages of each such employee shall continue as a penalty from the due date thereof at the same rate until paid, not to exceed 30 days.

19. Defendants are liable for waiting time penalties in excess of $930,000, subject to proof.

## Prayer

Plaintiff respectfully prays for judgment against defendants as follows:

**First Cause of Action**

(Violation of paid sick-day rights under Labor Code section 246.5 pursuant to Labor Code section 248.5, subdivision (e).)

1. From all defendants, jointly and severally, $890,000 in unpaid sick-leave or such greater amount according to proof for employees whose paid sick-leave was withheld.

2. From all defendants, jointly and severally, $3,120,000 in liquidated damages or such greater amount according to proof for employees whose rights were violated.

3. From all defendants, jointly and severally, $740,000 in treble damages for unpaid sick-leave or such greater amount according to proof for employees whose paid sick-leave was withheld.

4. For attorney's fees and costs under Labor Code section 248.5, subdivision (e).

5. For any further relief the Court deems proper.

**Second Cause of Action**

(Civil penalties for violation of Labor Code section 246.5 pursuant to Labor Code section 2699, subdivision (f)(2).)

1. From all defendants, jointly and severally, $2,210,000 in civil penalties or such greater amount according to proof for employees whose rights were violated under Labor Code section 246.5.

2. For attorney's fees and costs under Labor Code sections 248.5, subdivision (e), 2699, subdivision (g)(1).

3. For costs of suit.

4. For any further relief the Court deems proper.

**Third Cause of Action**

(Waiting-time penalties under Labor Code sections 201, 202 and 203.)

1. From all defendants, jointly and severally, waiting time penalties of

$930,000 or more according to proof.

2. For costs of suit.

3. For any further relief the Court deems proper.

Respectfully submitted,

DIVISION OF LABOR STANDARDS ENFORCEMENT, Department of Industrial Relations, State of California

DATED: July 29, 2021     By _____
KAY OTANI, Attorney for
The California State Labor Commissioner

(When the state is plaintiff or cross-complainant, the complaint need not be verified but the answer to the complaint must be verified under Code of Civil Procedure. section 446.)