STATE OF CALIFORNIA
Division of Labor Standards Enforcement
Department of Industrial Relations
By      KAY OTANI (No. 184607)
         (E-mail: KOtani@dir.ca.gov)
         3737 Main Street, Suite 850
         Riverside, CA 92501
         Tel:    951.966.2697
         Fax:    951.848.9511

Attorney for
CALIFORNIA DEPT. OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
LABOR COMMISSIONER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DIVISION OF LABOR STANDARDS ENFORCEMENT,<br><br>                         Plaintiff,<br><br>        v.<br><br>SAVE MART SUPERMARKETS,<br><br>                         Defendants. | Case No. 2:21-cv-07402-ODW<br><br>NOTICE OF MOTION AND MOTION FOR REMAND AND ATTORNEY'S FEES; DECLARATION OF KAY OTANI IN SUPPORT; EXHIBITS; [PROPOSED] ORDER<br><br>(28 U.S.C. § 1447(c))<br><br>Date:      November 15, 2021<br>Time:      1:30 p.m.<br>Court:     Courtroom 5D, 5th Floor<br>Place:     350 West First Street<br>              Los Angeles, CA 90012<br>Judge:    Hon. Otis D. Wright, II |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 15, 2021, at 1:30 p.m. or as

soon thereafter as the matter may be heard, in Courtroom 5D, 5th Floor, at 350 West

First Street, Los Angeles, California 90012, before the Honorable Otis D. Wright, II,

District Judge, plaintiff Division of Labor Standards Enforcement ("DLSE") will

1

move the Court under 28 U.S.C. § 1447(c) to remand this action to the Superior Court of California and for costs and attorney's fees.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on October 8, 2021.

This motion is based on this notice of motion, the memorandum of points and authorities in support, the declaration of Kay Otani in support, the exhibits in support, the files and records of this case, and any other and further argument or evidence that may be adduced.

Respectfully submitted,

DIVISION OF LABOR STANDARDS
ENFORCEMENT, Department of Industrial
Relations, State of California

DATED: October 14, 2021        By  /S/ *Kay Otani*
                                   KAY OTANI, Attorney for
                                   The California State Labor Commissioner

# Contents

Contents ........................................................................................................................ 3

Table of Authorities .................................................................................................... 3

Memorandum of Points and Authorities ................................................................. 5

    I.    Statement of Facts .......................................................................................... 5

    II.   Discussion ........................................................................................................ 8

        A.   Plaintiff's claims arise solely under California law independent of a CBA..10

        B.   Plaintiff's claims do not substantially depend on analysis of a CBA. ........... 14

        C.   Attorney's fees should be awarded because removal was unreasonable ...... 15

    III.  Conclusion .................................................................................................... 17

Declaration of Kay Otani in Support ....................................................................... 18

# Table of Authorities

**Cases**

*Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018) ................................ 8, 14

*Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007) .............................. 10

*Calderon v. Physicians for Healthy Hospitals, Inc.*, 2021 WL 871985 (C.D. Cal. Mar. 9, 2021) (unpublished) ........................................................................................................ 11

*Easton v. Crossland Mortgage Corp.*, 114 F.3d 979 (9th Cir. 1997) .......................... 8

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988) .................................. 8

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir.1992) ..................................................... 8

*Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543 (9th Cir. 2018) ..................... 10, 15

*Gunther v. North Coast Cooperative., Inc.*, 2020 WL 3394547 (N.D. Cal. 2020) (unpublished) ............................................................................................... 6, 7, 11, 18

*Huffman v. Pacific Gateway Concessions LLC*, 2019 WL 2563133 (N.D. Cal. 2019) (unpublished) ..................................................................................................... passim

*Martinez v. Omni Hotels Management Corp.*, 514 F. Supp. 3d 1227 (S.D. Cal. Jan. 20, 2021) ....................................................................................................... 11, 13

*McCray v. Marriott Hotel Services, Inc.*, 902 F.3d 1005 (9th Cir. 2018) ................... 9, 14

*Peabody v. Time Warner Cable, Inc.*, 59 Cal. 4th 662 (2014) ................................... 12

3

*Rooney v. Save Mart Supermarkets*, 2020 WL 3819481 (E.D. Cal. 2020) (unpublished) ...................................................................................................................... passim

*Sarmiento v. Sealy, Inc.*, 2019 WL 3059932 (N.D. Cal. 2019) (unpublished) ... 7, 11, 12, 18

*Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018) ................................................. 12

**Statutes**

28 U.S.C. § 1447 ................................................................................. 5, 8, 10, 15

California Labor Code section 1182.12 ............................................................... 6

California Labor Code section 1198.5 ............................................................... 11

California Labor Code section 201 ................................................................. 7, 9

California Labor Code section 202 ................................................................. 7, 9

California Labor Code section 203 ................................................................. 7, 9

California Labor Code section 225.75 ............................................................... 11

California Labor Code section 245.5 .......................................................... passim

California Labor Code section 246.5 .......................................................... passim

California Labor Code section 248.5 ................................................................. 7

California Labor Code section 269.6 ............................................................... 11

California Labor Code section 2699 ................................................................. 7

California Labor Code section 2810.5 ............................................................. 11

California Labor Code section 510 ................................................................. 11

California Labor Code section 512 ................................................................. 11

California Labor Code section 514 .................................................... 10, 11, 12, 13

Healthy Workplace, Healthy Families Act of 2014 ........................................... 7

Labor Management Relations Act § 301 .................................................. 8, 9, 14

**Memorandum of Points and Authorities**

This case should be remanded because it asserts only state-law claims for denied sick-leave. The collective bargaining agreements ("CBAs") presented by defendants do not control. They are not exempted from state sick-leave-law by Section 245.5,[1] subdivision (a)(1). Unless *all* employees under a CBA earn at least 130 percent of minimum wage, they are not exempt from California labor laws. The CBA wage-tables attached to defendants' Notice of Removal show that many of defendants' employees were paid less than 130 percent of minimum wage.

Attorney's fees should be awarded under 28 U.S.C. § 1447(c) because removing this case was not objectively reasonable. Division of Labor Standards Enforcement ("DLSE") counsel Kay Otani explained to Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") counsel in January, September and October 2021 that removal was not appropriate. Mr. Otani provided citations to four cases in support including *Rooney v. Save Mart Supermarkets*, 2020 WL 3819481 (E.D. Cal. 2020) (unpublished). Sheppard Mullin represented Save Mart Supermarkets in *Rooney*. On September 28, 2021, Mr. Otani provided Sheppard Mullin counsel a draft copy of this motion and met and conferred with them on October 8, 2021. Mr. Otani explained the DLSE would not seek attorney's fees if defendants withdrew their Notice of Removal. But would seek attorney's fees if forced to proceed by motion for remand. Defendants declined to withdraw their notice of removal.

## I.    Statement of Facts

In or about December 2020, the DLSE began investigating defendants to see if they were imposing a one-day waiting-period before paying sick-leave in violation of Section 246.5, subdivision (c)(1). (Decl. Otani, at 18.)

On January 13, 2021, defendants provided the DLSE copies of the CBAs attached to defendants' Notice of Removal, Exhibits F and G. (Decl. Otani, at 18.) The CBA for Local 1036 (Exhibit F) contains a Memorandum of Agreement dated

---

[1] Unless otherwise noted, "Section" refers to sections of the California Labor Code.

October 1, 2019, that incorporates a schedule of wages. (Dkt. 1-6, at 45 ("WAGES: Attached.").)[2] The schedule lists wages for 2018 (Current Rate), 2019 (effective two weeks after ratification), 2020 (effective December 30, 2019), and 2021 (effective December 28, 2020). (Dkt. 1-6, at 49.) According to the schedule, Clerks Helpers, Bakery Clerks, Part-Time Food-Clerks, and some Full-Time Senior Clerk/Cutters all make less than 130 percent of California minimum wage.[3] (*Id.*)

The CBA for Local 1036—Kern County (Exhibit G) contains a Memorandum of Agreement dated August 23, 2019, that contains a schedule of wages. (Dkt. 1-7, at 69.) The schedule lists wages for 2018 (Current), 2019 (effective two weeks after ratification), 2020 (effective December 30, 2019), and 2021 (effective December 28, 2020). (Dkt. 1-7, at 69–71.) According to the schedule, Uncertified Pharmacy Techs, Steps 1–5; Certified Pharmacy Techs, Steps 3–5, for 2021; Meat Cutters, Steps 1–2, for 2021; Service Specialists; Schedule II Meat and Bakery Clerks; Experienced Clerks; Multi-Purpose Clerks ("MPCs"), 1–4 1040 hours for 2021; and Experienced Senior Key Carriers, Steps 1–2, for 2018 and 2021; all make less than 130 percent of California minimum wage. (*Id.*)

On January 15, 2021, Mr. Otani discussed removal with Sheppard Mullin counsel Keahn Morris. Mr. Otani explained Section 246.5 applied and removal was not proper. Defendants were not exempted under Section 245.5, subdivision (a)(1), because all employees under the CBA did not earn 130 percent of minimum wage. Mr. Otani gave Mr. Morris citations for the DLSE's authorities: *Gunther v. North Coast Cooperative, Inc.*, 2020 WL 3394547 (N.D. Cal. 2020) (unpublished); *Huffman v. Pacific Gateway Concessions LLC*, 2019 WL 2563133 (N.D. Cal. 2019) (unpublished); *Rooney v. Save Mart Supermarkets*, 2020 WL 3819481 (E.D. Cal. 2020) (unpublished); and

---

[2] "Dkt." refers to the ECF docket number. Page numbers are the ECF page numbers.
[3] Section 1182.12, subdivision (b), states minimum wages for 2017 to 2022. For 2018, the minimum wage was $11 per hour, 130 percent was $14.30. For 2019, minimum wage was $12 per hour, 130 percent was $15.60. For 2020, minimum wage was $13 per hour, 130 percent was $16.90. For 2021, minimum wage is $14 per hour, 130 percent is $18.20.

*Sarmiento v. Sealy, Inc.*, 2019 WL 3059932 (N.D. Cal. 2019) (unpublished). (Decl. Otani, at 18.)

In May 2021, defendants produced employment data for all employees affected by the one-day waiting-period for sick-leave. The period covered was January 6, 2018, to January 24, 2021. During that period approximately 53 percent of defendants' employees had regular hourly-rates less than 130 percent of California's minimum wage. (Decl. Otani, at 18–19.)

On July 30, 2021, the DLSE filed its complaint for violations of the Healthy Workplace, Healthy Families Act of 2014. (Notice of Removal, Exhibit A, Dkt. 1-1, at 3.) The complaint alleges only California statutory-claims for violations of sick-leave under Section 246.5, subdivision (a), and waiting-time violations under Sections 201 and 202. (*Id.* at 5:9–10, 6:2–3, 6:16–17, 7–8.) The remedies are also based solely on California statutes. (*Id.*) Remedies for sick-leave violations under Sections 248.5 and 2699, subdivision (f)(2), and remedies for waiting-time penalties under Section 203. (*Id.*)

On August 16, 2021, the complaint was served on Save Mart Supermarkets. (Notice of Removal, Exhibit E, Dkt. 1-5, at 2.) On August 17, 2021, the complaint was served on The Save Mart Companies. (Exhibit D, Dkt. 1-4, at 2.)

On September 15, 2021, defendants filed their Notice of Removal. (Dkt. 1.)

On September 16, 2021, Mr. Otani responded by email to Sheppard Mullin counsel Amanda Beckwith, Brooke Purcell and Mr. Morris. In preparation for a meet and confer, Mr. Otani explained again that removal was improper. Unless all employees are paid at least 130 percent of minimum wage, the exemption under Section 245.5, subdivision (a)(1), does not apply. The email included point citations to *Rooney*, *Huffman*, *Sarmiento* and *Gunther*. (DLSE Exhibit 1, at 20.)

On September 28, 2021, Mr. Otani sent Ms. Beckwith, Ms. Purcell and Mr. Morris a draft of this motion. On October 8, 2021, Mr. Otani met and conferred with Save Mart Supermarkets' counsel Amanda Beckwith. Mr. Otani explained the DLSE

would not seek attorney's fees if defendants withdrew and dismissed their Notice of Removal. The DLSE would seek attorney's fees if forced to proceed by motion for remand. (Otani Decl., at 19.)

The defendants declined to dismiss their notice of removal.

## II.   Discussion

A Labor Management Relations Act ("LMRA") § 301 preemption inquiry is not an inquiry into the merits of a claim. *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 924 (9th Cir. 2018). It is an inquiry into the claim's *legal character* to ensure it is decided in the proper forum regardless of the merits. *Id.* The preemption analysis does not invade the province of the state court to resolve a state-law claim over which the federal court lacks jurisdiction. *Id.* The federal court decides only whether the claim as pled is independent of the CBA in the sense that resolving the claim does not require construing the CBA. *Id.*

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject-matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

To state a claim arising under federal law, it must be clear from the face of plaintiff's well-pled complaint that there is a federal question. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

Defendants concede the DLSE's complaint does not enumerate any claim under federal law. (Notice of Removal, Dkt. 1, at 3:9.) Instead, they allege the state claims are excluded from state law under Section 245.5, subdivision (a)(1). (*Id.* at 7–8.) Defendants allege that because the state claims are excluded, they arise under the CBAs. (*Id.*) Defendants further allege that the state law claims require interpretation of

1  the CBAs. (*Id.* at 8:14–24.)

2      But claims unrelated to a CBA beyond the fact that they are asserted on behalf
3  of covered individuals are not preempted by LMRA § 301. *McCray v. Marriott Hotel*
4  *Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018). LMRA § 301 does not preempt state
5  claims that (1) arise independently of a CBA, and (2) do not substantially depend on
6  analysis of a CBA. (*Id.* at 1010.)

7      First, plaintiff's claims arise solely from violations of California Section 246.5
8  requiring employers to provide sick-days on request.[4] The claims do not fall under the
9  exemption of Section 245.5, subdivision (a)(1). That exemption requires *all*
10  defendants' covered employees make at least 130 percent of California minimum
11  wage. The CBAs list regular hourly-rates of less than 130 percent of minimum wage
12  for many covered employees. (Dkt. 1-6, at 49; Dkt. 1-7, at 69–71.) Additionally, the
13  question of whether defendants fall under the Section 245.5, subdivision (a)(1),
14  exemption is a matter of state law and is to be decided by the state court.

15      Second, plaintiff's claims do not depend on analysis of the CBAs. The regular
16  rates are listed in the CBAs and need only be compared with 130 percent of minimum
17  wage. (*Id.*) The CBAs both clearly state: "Sick leave benefit payments will commence
18  on the second day of absence unless hospitalized on the first day."[5] They do not need
19  to be interpreted. (Dkt. 1-6, at 16; Dkt. 1-7, at 45.)

20      Because plaintiff's state claims (1) arise independently of a CBA, and (2) do not
21  substantially depend on analysis of a CBA, they are not preempted by LMRA § 301.
22  (*McCray*, 902 F.3d at 1010.)

23      DLSE counsel advised Sheppard Mullin counsel three times that removal was
24  inappropriate and each time provided them with citation to case law including

25

26  [4] The Section 201, 202 and 203 claims arise from wages owed at termination for
violations of Section 246.5.
27  [5] The actual statement from the CBA, Exhibit F, is "Sick leave benefit payments will
commence on the second day of absence unless hospitalized on the first day." (Dkt.
1-6, at 16.) The statement from the CBA, Exhibit G, is substantively identical: "Sick
28  leave benefit payments will commence on the second (2nd) day of the absence, unless
hospitalized on the first (1st) day." (Dkt. 1-7, at 45.)

9

Sheppard Mullin's own case, *Rooney v. Save Mart Supermarkets*. DLSE counsel provided Sheppard Mullin counsel with a draft of this motion and met and conferred with them before filing it. DLSE counsel explained that the DLSE would not seek attorney's fees if the Notice for Removal was withdrawn and dismissed, but would seek attorney's fees if forced to file this motion. Under these circumstances, defendants' seeking removal is unreasonable and the DLSE should be awarded attorney's fees for defending against removal. 28 U.S.C. § 1447(c); *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 552 (9th Cir. 2018).

**A.    Plaintiff's claims arise solely under California law independent of a CBA.**

To determine whether plaintiff's claims arise under state law instead of the CBA, the Court considers the *legal character* of the claim independent of the rights under the CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). Reliance on a CBA as an aspect of a defense does not inject a federal question into an action asserting a plainly state-law-claim. *Id.* If the CBA does not meet the substantive requirements of an exemption to a California statutory claim, the exemption does not apply and the claim is independent of the CBA. *Huffman*, 2019 WL 1563133, at *3.

In *Huffman*, the plaintiff asserted a California statutory overtime-claim under Section 510. The defendant claimed its CBA was exempted from Section 510 under Section 514. The court noted that if the CBA did not meet the substantive requirements of Section 514, Section 510 would apply and the cause of action would be independent of the CBA. *Id.* at *4. The court analyzed the plain language of Section 514:

> Sections 510 and 511 do not apply to *an employee* covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the *employees*, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for *those employees* of not less than

10

30 percent more than the state minimum wage.

*Id.* at *5 (emphasis added). First, the court noted that Section 514 exempts "*an employee covered by a valid collective bargaining agreement*" if certain conditions are met. *Id.* (emphasis added). Second, the CBA must "expressly provide[ ] for the wages, hours of work, and working conditions of the *employees*[.]" *Id.* (emphasis added). By changing from the singular *employee covered* to working conditions provided for *plural* "*employees*," the statue means the CBA must provide working conditions for *all* employees covered by the CBA. *Id.* (emphasis added to quotation). Third, the CBA must provide regular wages exceeding California's minimum wage "for those *employees*." *Id.* The plural "those employees" refers to the earlier "the employees" and means *all* employees covered by the CBA. *Id.* Under the statute's plain language, a CBA must satisfy Section 514's substantive requirements with respect to *all* covered employees to render Section 510 inapplicable to any particular employee. *Id.* at *6. Section 514 concerns the agreement itself, not its treatment of any individual employee. *Id.* Because the CBA in *Huffman* failed to provide a regular hourly-rate of at least 130 percent of California minimum wage to *all* employees, Section 514 did not exempt the CBA from Section 510. *Id.* And the action involved a right based on California law, not a CBA. *Id.*; *see also Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1238 (S.D. Cal. Jan. 20, 2021) (citing *Huffman*); *Calderon v. Physicians for Healthy Hosps., Inc.*, 2021 WL 871985, at *4 (C.D. Cal. Mar. 9, 2021) (unpublished) (citing *Huffman*); *Sarmiento*, 2019 WL 3059932, at *7 (citing *Huffman*); *Rooney*, 2020 WL 3819481, at *3 (citing *Huffman*); *Gunther*, 2020 WL 3394547, at *4 (citing *Huffman*).

Section 514's "a regular hourly-rate of pay for those employees of not less than 30 percent more than the state minimum wage" is a condition for CBA exemption for other California labor laws. *Sarmiento*, 2019 WL 3059932, at *5. Those include Sections 512, subdivision (e), 245.5, subdivision (a)(1), 225.75, subdivision (f)(2), 1198.5, subdivision (q)(4), 2810.5, subdivision (c)(3), and 269.6, subdivision (a). *Id.*; *see Martinez*, 514 F. Supp. 3d at 1238, 1241 (citing *Huffman* and finding sick-pay

allegations under Section 245.5, subd. (a)(1), not preempted for same reasons overtime allegations under Section 514 not preempted). Requiring CBAs to meet Section 245.5, subdivision (a)(1), conditions for *all* covered employees accords with the California Supreme Court's emphasis that courts should liberally construe the Labor Code to favor the protection of employees. *See Sarmiento*, 2019 WL 3059932, at *9 (discussing Section 514) (citing *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 839 (2018)). As does narrowly construing exemptions against employers, and limiting exemptions' application to employees unmistakably within their terms. *See id.* (citing *Peabody v. Time Warner Cable, Inc.*, 59 Cal. 4th 662, 667 (2014)). The justification for allowing parties to trade employees' statutory rights through collective negotiations is on steadier ground when the resulting CBA protects *all* covered employees. *See id.*

> Section 245.5, subdivision (a)(1), excludes from California sick-pay-law:
> *An employee* covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of *employees*, and expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for *those employees*, final and binding arbitration of disputes concerning the application of its paid sick days provisions, premium wage rates for all overtime hours worked, and *regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.*

(Emphasis added.) The language is substantially identical to the language of Section 514 and the *Huffman* analysis applies. First, as *Huffman* noted regarding Section 514, Section 245.5, subdivision (a)(1), exempts "*an employee* covered by a valid collective bargaining agreement" if certain conditions are met. *See Huffman*, 2019 WL 1563133, at *5 (emphasis added). Second, the CBA must "expressly provide[] for the wages, hours of work, and working conditions of [] *employees*[.]" *See id.* (emphasis added). By changing from the singular *employee covered* to working conditions provided for *plural* "*employees*," the statue means the CBA must provide working conditions for *all*

employees covered by the CBA. *See id.* (emphasis added to quotation). Third, "for those *employees*," the CBA must provide regular wages exceeding California's minimum wage. *See id.* The plural "those employees" refers to the earlier "the employees" and means *all* employees covered by the CBA. *See id.*

Under the statute's plain language, a CBA must satisfy Section 425.5, subdivision (a)(1)'s, substantive requirements with respect to *all* covered employees to render Section 246.5 inapplicable to any particular employee. *See id.* at *6. Section 245.5, subdivision (a)(1), concerns the agreement itself, not its treatment of any individual employee. *See id.* Because defendants' CBAs fail to provide a regular hourly-rate of at least 130 percent of California minimum wage for *all* employees, Section 254.5, subdivision (a)(1), does not exempt the CBA from Section 246.5. *See id.* And the plaintiff's complaint is based on California statutory-law, not a CBA. *See id.*; *Martinez*, 514 F. Supp. 3d at 1238, 1241 (sick-pay allegations under Section 245.5, subd. (a)(1), not preempted for same reasons overtime allegations under Section 514 not preempted).

As in *Huffman*, plaintiff's claims are based solely on California statutory-law: Section 246.5. And they are not exempted under the plain language of Section 245.5, subdivision (a)(1). That section excludes employees under a CBA only if all employees are provided a regular hourly-rate of 130 percent or more of California's minimum wage. Defendants' CBAs list the regular hourly-rates for 2018 to 2021. Many of the listed rates fall below 130 percent of California minimum wage. (Notice of Removal, Exhibits F and G, Dkt. 1-6, at 49, Dkt. 1-7, at 69–71.) And analysis of the pay records show that during that period approximately 53 percent of defendants' employees had regular hourly-rates less than 130 percent of California's minimum wage. (Decl. Otani, at 18–19.) Because the claims arise solely under California law and are not exempted from California law by Section 245.5, subdivision (a)(1), like the claims in *Huffman*, they arise independently of the CBAs.

/////

**B.    Plaintiff's claims do not substantially depend on analysis of a CBA.**

The mere need to "look to" the CBA does not require preemption under LMRA § 301. *McCray*, 902 F.3d at 1111. Only state law actions requiring *interpretation* of the CBA are preempted. *Id.* For LMRA § 301 preemption, the term "interpret" is defined narrowly—it means more than "consider," "refer to," or "apply." *Id.* Looking to the CBA to determine the pay rate or flipping through the CBA to see if there is a wavier is not "interpretation." *Id. McCray* noted that reviewing an employer's obligation to make deductions, the amount and frequency of deductions, increases in monthly premium changes, coverage requirements and other issues was not interpretation. *Id.* at 1012. The CBA unambiguously specified the employer's obligation to deduct: the amount and frequency; the recipient and purpose; and the terms of employee eligibility for health benefits. *Id.* Reading and applying relevant, unambiguous provisions of the CBA is only "looking to," not "interpreting" the agreement. *Id. McCray* noted there was no preemption in a dispute over banked vacation days earned under a policy incorporated in the CBA. *Id.* (citing *Alaska Airlines*, 898 F.3d at 927).

Plaintiff's state law claims do not depend on analysis of the CBAs. The regular rates are listed in the CBAs and need only be compared with 130 percent of minimum wage. (Dkt. 1-6, at 49; Dkt. 1-7, at 69–71.) As noted in *McCray*, looking to the CBA to determine the pay rate is not "interpretation." Defendants' only assertion of claims "inextricably intertwined" with the CBA is that the paid-sick-leave terms must be interpreted. (Notice of Removal, Dkt. 1, at 8:14–24.) But the Section 246.5 issue is simple: did defendants impose a one-day waiting-period before providing the first paid-sick-day? (Exhibit A, complaint, Dkt. 1-1, at 5:13–15.) The CBAs both clearly state: "Sick leave benefit payments will commence on the second day of absence unless hospitalized on the first day."[6] They do not need to be interpreted. (Dkt. 1-6, at 16; Dkt. 1-7, at 45.) As noted in *McCray* and *Alaska Airlines*, reading and applying

---

[6] Actual language quoted *supra* note 5, at 9.

relevant, unambiguous provisions of the CBA is only "looking to," not "interpreting" the agreement. Even if the benefit was earned under a policy incorporated in the CBA.

### C.   Attorney's fees should be awarded because removal was unreasonable.

A court may award attorney's fees under 28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Grancare*, 889 F.3d at 552.

Defendants concede the DLSE's complaint does not enumerate any claim under federal law. (Notice of Removal, Dkt. 1, at 3:9.)

On January 13, 2021, defendants provided the DLSE copies of the CBAs that show the regular hourly-rates of many employees fall below 130 percent of California minimum wage. (Decl. Otani, at 18; Dkt. 1-6, at 49; Dkt. 1-7, at 69–71.) The CBAs both clearly state: "Sick leave benefit payments will commence on the second day of absence unless hospitalized on the first day."[7] They do not need to be interpreted. (Dkt. 1-6, at 16; Dkt. 1-7, at 45.)

Defendants' employment data produced in May 2021 show that approximately 53 percent of defendants' employees had regular hourly-rates less than 130 percent of California's minimum wage. (Decl. Otani, at 18–19.)

Attorney's fees should be awarded because removing this case was not objectively reasonable. On January 15, 2021, DLSE counsel Mr. Otani explained to Sheppard Mullin counsel Mr. Morris that removal was not appropriate. Mr. Otani provided Mr. Morris citations for four cases in support including *Rooney v. Save Mart Supermarkets*, 2020 WL 3819481. (Decl. Otani, at 18.) Sheppard Mullin represented Save Mart Supermarkets in *Rooney*. On September 16, 2021, Mr. Otani explained that removal was not proper in an email citing *Rooney* and other cases to Sheppard Mullin counsel. (Decl. Otani, at 16; DLSE Exhibit 1, at 20.) On September 28, 2021, Mr.

---

[7] Actual language quoted *supra* note 5, at 9.

Otani provided Sheppard Mullin counsel a draft copy of this motion and met and conferred with them on October 8, 2021. Mr. Otani explained the DLSE would not seek attorney's fees if defendants withdrew and dismissed their Notice of Removal. But would seek attorney's fees if forced to proceed by motion for remand. Defendants declined to withdraw and dismiss their Notice of Removal. (Decl. Otani, at 19.)

Defendants knew that not all of their employees were paid 130 percent of California minimum wage from their CBAs and employment records. Save Mart Supermarkets and Sheppard Mullin counsel knew removal was improper from July 8, 2020, when they were remanded to state court in *Rooney v. Save Mart Supermarkets*. DLSE counsel informed Sheppard Mullin counsel that removal was inappropriate and provided citation including *Rooney* before and after defendants filed their Notice of Removal. DLSE counsel provided Sheppard Mullin counsel a draft of this motion and informed them that the DLSE would forgo attorney's fees if defendants withdrew their Notice of Removal. Under these circumstances it was objectively unreasonable for defendants to seek removal and the Court should award the DLSE attorney's fees.

To date DLSE counsel has spent 57.8 hours to remand this case to state court. DLSE counsel anticipates spending additional time to reply to defendants' opposition and oppose their motion for dismissal. And an additional five hours preparing and appearing for argument. The DLSE anticipates filing another declaration with additional hours spent. The DLSE estimate to date is 82.8 hours at $350 per hour for a total of $28,980. (Decl. Otani, at 19.)

/////

/////

/////

### III. Conclusion

Plaintiff's claims are based solely on California statutory-law and do not require interpretation of CBAs. Defendants and their counsel knew that and their removal of this action was objectively unreasonable. The DLSE respectfully requests remand to state court, costs and attorney's fees, and for any other and further relief the Court may deem proper.

Respectfully submitted,

DIVISION OF LABOR STANDARDS
ENFORCEMENT, Department of Industrial
Relations, State of California

DATED: October 14, 2021          By  /S/ *Kay Otani*
KAY OTANI, Attorney for
The California State Labor Commissioner

**Declaration of Kay Otani in Support**

I, Kay Otani, declare:

1.      I am over the age of 18 and am a Staff Attorney for plaintiff DLSE. I personally know of these matters and could testify to them.

2.      Around December 2020, the DLSE began investigating defendants Save Mart Supermarkets, Inc., and The Save Mart Companies to see if they were imposing a one-day waiting-period before paying sick-leave in violation of Section 246.5, subdivision (c)(1).

3.      On January 13, 2021, defendants provided the DLSE copies of the CBAs attached to defendants' Notice of Removal, Exhibits F and G.

4.      On January 15, 2021, I discussed removal with Sheppard Mullin counsel Keahn Morris by phone. I explained the claim was based on Section 246.5 and removal was not proper. Defendants were not exempted under Section 245.5, subdivision (a)(1), because all employees under the CBA did not earn 130 percent of minimum wage. I gave Mr. Morris citations for the DLSE's authorities: *Gunther v. North Coast Cooperative, Inc.*, 2020 WL 3394547 (N.D. Cal. 2020) (unpublished); *Huffman v. Pacific Gateway Concessions LLC*, 2019 WL 2563133 (N.D. Cal. 2019) (unpublished); *Rooney v. Save Mart Supermarkets*, 2020 WL 3819481 (E.D. Cal. 2020) (unpublished); and *Sarmiento v. Sealy, Inc.*, 2019 WL 3059932 (N.D. Cal. 2019) (unpublished).

5.      In May 2021, defendants produced employment data in Excel format for all employees affected by the one-day waiting-period for sick-leave. The period covered was January 6, 2018, to January 24, 2021. The data identified various hourly rates for defendants' employees. These included regular hourly-rates and overtime hourly rates. I reviewed the data using Excel to isolate employees' regular hourly-rates. I then compared the hourly rates to 130 percent of California's minimum wage for 2018 to 2021. In 2018 about 44 percent of defendants' employees had regular hourly-rates less than 130 percent of California's minimum wage. In 2019 it was about 57

percent, in 2020 it was about 56 percent, and in January 2021 it was about 64 percent. The average was about 53 percent for 2018 to the end of January 2021.

6.     On September 16, 2021, I responded by email to Sheppard Mullin counsel Amanda Beckwith, Brooke Purcell and Mr. Morris. In preparation for a meet and confer, I explained again that the case was not removable. Unless all employees are paid at least 130 percent of minimum wage, the exemption under Section 245.5, subdivision (a)(1), does not apply. The email included point citations to *Rooney*, *Huffman*, *Sarmiento* and *Gunther*. (DLSE Exhibit 1, at 20.)

7.     On September 28, 2021, I sent Ms. Beckwith, Ms. Purcell and Mr. Morris a draft of this motion. On October 8, 2021, I met and conferred with Amanda Beckwith by Zoom. I explained the DLSE would not seek attorney's fees if defendant's withdrew and dismissed their Notice of Removal. The DLSE would seek attorney's fees if forced to proceed by motion for remand.

8.     To date the defendants declined to dismiss their notice of removal.

9.     To date I have spent 57.8 hours to remand this case to state court. I anticipate spending additional time to reply to defendants' opposition and oppose their motion for dismissal. And an additional five hours preparing and appearing for argument. The DLSE anticipates filing another declaration with additional hours spent. The DLSE estimate to date is 82.8 hours at $350 per hour for a total of $28,980.

I declare under penalty of perjury that the foregoing is true and correct. Executed October 14, 2021, at Claremont, California.

                              /s/ *Kay Otani*
                              Kay Otani

**Otani, Kay@DIR**

| | |
|---|---|
| **From:** | Otani, Kay@DIR |
| **Sent:** | Thursday, September 16, 2021 1:08 PM |
| **To:** | Amanda Beckwith; Urie, Kimberly@DIR; Balter, David@DIR |
| **Cc:** | Brooke Purcell; Keahn Morris |
| **Subject:** | RE: DLSE v. Save Mart - Meet and Confer re Motions |

Amanda,

I have time-sensitive matters I have to deal with today. I would be happy to meet and confer tomorrow by phone or Zoom.

As previously discussed with Brooke and Keahn, the this case is not removable under LMRA section 301.

There is no federal issue in this case.

First, whether the agreement in this action is excepted by California Labor Code section 245.5, subdivision (a)(1), is a state law issue. It is a matter for the California courts. (*See Green Tree Fin. Corp. v. Bazzle* (2003) 539 U.S. 444, 452–53 (noting that in certain circumstances courts decide arbitration-related matters such as state statutes or judicial procedures) (citing *cf. Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.* (1989) 489 U.S. 468, 747–76); *Wisconsin v. Mitchell* (1993) 508 U.S. 476, 483 ("There is no doubt that we are bound by a state court's construction of a state statute."); *Expressions Hair Design v. Schneiderman* (2017) 137 S. Ct. 1144, 1156 (Sotomayor, J., concurring) (state courts, not federal courts, have the final word on interpreting state statutes).)

Second, interpreting language in Labor Code section 514 that is substantially identical to Labor Code section 245.5, subdivision (a)(1), *Rooney v. Save Mart Supermarkets* (E.D. Cal. 2020) 2020 WL 3819481, at *3–4 (slip copy), held that unless *all* employees are paid at least 130 percent of minimum wage, the exemption does not apply. The action is a matter of state law. (*See Huffman v. Pac. Gateway Concessions LLC* (N.D. Cal. 2019) 2019 WL 2563133, at *5–6 (unpublished); *Sarmiento v. Sealy, Inc.* (N.D. Cal. 2019) 2019 WL 3059932, at *7 (slip copy) (citing *Huffman*); *Rooney v. Save Mart Supermarkets* (E.D. Cal. 2020) 2020 WL 3819481, at *3–4 (slip copy) (citing *Huffman* and *Sarmiento*); *Gunther v. N. Coast Coop., Inc.* (N.D. Cal. 2020) 2020 WL 3394547, at *4–6 (slip copy) (citing *Huffman* and *Sarmiento*).

It is undisputed that employees in the relevant stores were paid less than 130 percent of minimum wage. Under *Rooney v. Save Mart Supermarkets* and its sister cases, the exemption of Labor Code section 245.5, subdivision (a)(1), does not apply and this action is purely a matter of state law.

If you would like to meet and confer tomorrow via phone or Zoom, please let me know.

I would also be willing to extend the date for Save Mart Supermarkets and The Save Mart Companies to answer by 15 days.

If you wish that extension, please let me know.

Thanks!


-Kay Otani
  Staff Attorney
  Division of Labor Standards Enforcement

DLSE Exhibit 1, Page 20

951.966.2697 (Cell)

CONFIDENTIALITY NOTICE: This email and any included documents may contain confidential, legally privileged, attorney work product, or other information for the use of only the intended recipient(s) and exempt from disclosure by law. Unauthorized interception, review, use or disclosure is prohibited and may violate laws including the Electronic Communications Privacy Act. If you have received this message in error, or are not the intended recipient, please immediately contact the sender and delete this email and destroy all copies of the communication and attachments. Thank you.

**From:** Amanda Beckwith <ABeckwith@sheppardmullin.com>
**Sent:** Wednesday, September 15, 2021 6:35 PM
**To:** Otani, Kay@DIR <KOtani@dir.ca.gov>; Urie, Kimberly@DIR <KUrie@dir.ca.gov>; Balter, David@DIR <DBalter@dir.ca.gov>
**Cc:** Brooke Purcell <bpurcell@sheppardmullin.com>; Keahn Morris <KMorris@sheppardmullin.com>
**Subject:** RE: DLSE v. Save Mart - Meet and Confer re Motions

**CAUTION: [External Email]**
This email originated from outside of our DIR organization. Do not click links or open attachments unless you recognize the sender and know the content is expected and is safe. If in doubt reach out and check with the sender by phone.

Apologies, I hit send too soon, and also received a bounce back from Mr. Balter's email address.  See below.  Thanks.

**Amanda Beckwith** | Associate
+1 415-774-2926 | direct
ABeckwith@sheppardmullin.com

**SheppardMullin**
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Amanda Beckwith
**Sent:** Wednesday, September 15, 2021 6:31 PM
**To:** 'Otani, Kay@DIR' <KOtani@dir.ca.gov>; Urie, Kimberly@DIR <KUrie@dir.ca.gov>; 'dbalterr@dir.ca.gov' <dbalterr@dir.ca.gov>
**Cc:** Brooke Purcell <bpurcell@sheppardmullin.com>; Keahn Morris <KMorris@sheppardmullin.com>
**Subject:** DLSE v. Save Mart - Meet and Confer re Motions

Counsel,

I write to meet and confer regarding Defendant's intent to file a Motion to Dismiss and/or Motion to Compel Arbitration, on the grounds the claims are preempted by Section 301 of the Labor Management Relations Act, and separately on the ground that the DLSE cannot recover penalties under PAGA for violations of the Health Workplace Healthy Families Act.  Please let us know your position and whether the DLSE will agree to stipulate, otherwise we intend to move forward.

Thanks,
Amanda

**Amanda Beckwith** | Associate
+1 415-774-2926 | direct
ABeckwith@sheppardmullin.com

## **Sheppard**Mullin

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.